**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Allen F. Campbell,** | ) | CASE NO. 1:21 CV 1830 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Egidijus Marcinkevicius,** | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court on Defendant's Motion to Dismiss (Doc. No. 5). Defendant asserts this case is barred by *res judciata*. Plaintiff opposes the Motion (Doc. No. 6). For the following reasons, the Court grants the Motion and dismisses this case with prejudice.

**BACKGROUND**

This matter concerning the estates of Plaintiff's parents, Donald Campbell ("Donald") and Margaret Campbell ("Margaret") has been litigated extensively in state and federal court.

Donald and Margaret had a complicated estate plan. They each had a Last Will and Testament, as well as an *inter vivos* Living Trust ("the Donald Trust" and "the Margaret Trust"). They acted as Trustees for their respective Trusts during their lifetimes, and each named the other as their successor Trustee and beneficiary upon their death. Plaintiff is a residual beneficiary and the original successor Trustee of the Margaret Trust upon the deaths of both Margaret and Donald. Other family members are residual beneficiaries and successor Trustees

of the Donald Trust. In addition, Donald and Margaret created a limited partnership known as the Campbell Family Limited Partnership for which each of the *inter vivos* Trusts was an equal partner.

Donald died in 2010, and Margaret became the Trustee and the beneficiary of the Donald Trust. She was also the Trustee and beneficiary of the Margaret Trust, making her the sole controlling agent of the limited partnership. Margaret resided at the Judson Assisted Living Facility in Cleveland, Ohio for an extended period of time. Plaintiff alleges that Margaret was in her late 90's and was blind, or at least sight impaired. Plaintiff had Power of Attorney for her. Margaret died in April 2015.

Plaintiff was named as the Executor of Margaret's Estate as well as the successor Trustee and beneficiary of the Margaret Trust. He indicates that in the course of fulfilling his duties in these roles, he attempted to try to make sense of all of the various accounts and assets within the two Trusts and the limited partnership, and noticed irregularities in the accounts. Although they were three separate legal entities, the financial statements for the individual Trusts and the limited partnership seemed to be combined, making it very difficult to determine which assets and accounts belonged to the Margaret Trust, which belonged to the Donald Trust, which belonged to the limited partnership, and which belonged to Margaret individually. Assets that were originally in one of the Trusts appeared to have transferred to the other Trust after Donald's death. Other assets or accounts within the Trusts were greatly diminished or disappeared entirely from one statement to the next, with no corresponding paperwork or explanation. After significant inquiries, Plaintiff learned that Margaret, as Trustee of both trusts, distributed over $500,000 of Donald's life insurance proceeds to the Donald Trust, at the

expense of the Margaret Trust. She also exclusively used the Margaret Trust to pay her elder care expenses which totaled more than $500,000 from 2010 to 2015. Plaintiff also alleges that his mother authorized other transactions that enriched the Donald Trust at the expense of the Margaret Trust. As a result of Margaret's actions, Plaintiff claims the Margaret Trust is approximately $1,300,000.00 short of the asset split required by the Campbell Family Partnership Agreement.

Acting as the Margaret Trustee, Plaintiff filed an action in the Cuyahoga County Probate Court seeking a declaratory judgment regarding the ownership of assets he believed to have been improperly removed from the Margaret Trust or the limited partnership. *See Campbell v. Garcia,* 2016ADV219342 (Cuyahoga Cty Ct. Comm. Pl. filed Sept. 9, 2016). Plaintiff also filed a civil action against the Donald Trust and its beneficiaries as well as the family limited partnership. *Campbell v. Donald A. Campbell 2001 Trust,* No. CV 18 891240 (Cuyahoga Cty. Ct. Comm. Pl. filed Jan. 8, 2018). The Common Pleas Court transferred the case to the Probate Division to be heard with the adversarial matter Plaintiff filed in 2016.

At the same time, Plaintiff filed an action in this federal court contesting the movement and disbursement of assets from the Margaret Trust to the Donald Trust. *See Campbell v. Garcia*, No. 1:18 CV162 (N.D. Ohio Apr. 14, 2020)(suing deceased brother's widow, brokerage firm and insurance provider). The parties in that action appear to have reached a settlement.

During the state litigation, Plaintiff stepped down as the Margaret Trustee, and Defendant was appointed as his replacement. On February 14, 2020, the Cuyahoga County Probate Court dismissed Plaintiff's claims for lack of standing because he was no longer the Trustee of the Margaret Trust nor a member of the limited partnership.

On March 2, 2020, after the Probate Court's unfavorable decision, Plaintiff filed suit in this federal Court, again challenging the transfer of assets Margaret made during her lifetime from her Trust. *See Campbell v. Marcinkevicius,* 1:20 CV 473 (N.D. Ohio filed Mar. 2, 2020)(Gwin, J.). Although Plaintiff now sued as a beneficiary of the Margaret Trust rather its Trustee, he sought the same relief based on the same facts that were considered and rejected by the Probate Court. Eight days after he filed the federal lawsuit, Plaintiff appealed the Cuyahoga County Probate Court's adverse decision to the Ohio Court of Appeals. *See Campbell v. Donald A. Campbell,2001 TRUST,* No. No. 109585, 2021 WL 2012581, at *6-7 (Ohio App. 8 Dist. May 20, 2021). On October 13, 2020, this Court applied the Colorado River Doctrine and stayed Plaintiff's federal claims pending resolution of his state appeal. *Id.*

On May 20, 2021, the Ohio Court of Appeals affirmed the Cuyahoga County Probate Court's decision, finding that although Plaintiff's inheritance was diminished by his mother's actions, the Margaret Trust assets were Margaret's sole property until her death and she therefore had complete discretion to spend the Trust and partnership assets as she wished. Under Ohio law, a beneficiary does not have a cause of action for diminishment of assets by the decedent prior to his or her death. While Plaintiff was impacted by his mother's actions regarding the Trust assets, Ohio law does not give him a claim to challenge her actions. *See Campbell v. Donald A. Campbell,2001 TRUST,* No. No. 109585, 2021 WL 2012581, at *6-7 (Ohio App. 8 Dist. May 20, 2021).

On June 30, 2021, following the Ohio Court of Appeals ruling, Plaintiff moved to lift the Colorado River stay and resume litigating his claims in the federal Court case pending before Judge Gwin. *Campbell v. Marcinkevicius,* 1:20 CV 473 (N.D. Ohio filed Mar. 2, 2020)(Gwin,

J.). Judge Gwin lifted the stay, and dismissed the action as barred by *res judicata* by the state court's decision on August 30, 2021. On September 24, 2021, Plaintiff appealed Judge Gwin's dismissal of that case to the United States Sixth Circuit Court of Appeals. That appeal is still pending. He also filed this action against Defendant on September 27, 2021. This case asserts the same claims against the same Defendant based on the same events as in the case dismissed by Judge Gwin; however, Plaintiff attempts to distinguish this case by stating that it is triggered by the annual Trustee's Report listing the assets and transactions of the Margaret Trust for the past year. He nevertheless continues to object to the asset list because it does not include assets Margaret disposed of or transferred during her life. He continues to claim that the Defendant breached his fiduciary duty to Plaintiff and did not act in good faith by failing to litigate fully the transfer of assets from the Margaret Trust to the Donald Trust.

**STANDARD OF REVIEW**

In deciding a Motion to Dismiss under Fed.R.Civ.P. 12(b)(6), the Court must accept as true all of the factual allegations contained in the Complaint. *Erickson v. Pardus*, 551 U.S. 89, 93 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). The Court need not, however, accept conclusions of law as true. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id*. at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Similarly, a Complaint will not be

sufficient if it tenders "naked assertions" devoid of "further factual enhancement." *Id*. at 557.

To survive a Motion to Dismiss, a Complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id*. Where a Complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*. at 557.

**DISCUSSION**

Defendant asserts that this case is barred by *res judicata*. The term "*res judicata*" literally means "a matter [already] judged." The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). When one court has already resolved the merits of a case, another court will not revisit them. *Id.* The doctrine of *res judicata,* therefore, precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.*

This case is barred by *res judicata* in two ways. First, the claims and issues in this case were asserted against this same defendant based on the same incident that was the subject of the

case before Judge Gwin, *Campbell v. Marcinkevicius,* 1:20 CV 473 (N.D. Ohio filed Mar. 2, 2020)(Gwin, J.). Judge Gwin determined that this matter is subject to *res judicata* by the state court probate cases. *Id.* Plaintiff filed this substantially identical case against the same Defendant less than one month after Judge Gwin dismissed it. Plaintiff's attempt to repackage his claims by referring to the Trustee's annual asset report does not alter the nature of the underlying claims. It is apparent that Plaintiff is attempting to litigate that same case again in the hope of obtaining a different result. *Res judicata* bars this action.

Furthermore, *res judicata* bars Plaintiff from relitigating in federal court claims and issues that were previously decided by a state court. *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009). As Judge Gwin indicated, the Ohio courts have already determined ownership of the assets in question. The state courts held that following Donald's death but prior to Margaret's death, Margaret had full legal control of the assets in the Margaret Trust, the Donald Trust and the limited partnership as she was the Trustee and sole beneficiary of all of those entities. *See Campbell v. Donald A. Campbell,2001 TRUST,* No. No. 109585, 2021 WL 2012581, at *6-7 (Ohio App. 8 Dist. May 20, 2021). They determined Margaret was of sound mind and was granted authority and sole discretion by the documents establishing the trusts and limited partnership to use the income and principle held by these entities in whatever manner she chose. *Id.* Plaintiff as a residual beneficiary has no cause of action against the Trusts or the current Trustees for decisions and expenditures Margaret made during her lifetime. *Id.* Here, Plaintiff continues to assert that certain assets should not have been moved from the Margaret Trust and the current Trustee of that trust is liable to him for not continuing to litigate that issue. Those matters have been decided by the state court. *Res judicata* bars relitigation of those

claims and issues.

## CONCLUSION

Accordingly, Defendants' Motion to Dismiss (Doc. No. 5) is granted and this action is dismissed with prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: 1/31/22

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge